**In re the Petition for DISCIPLINARY ACTION AGAINST Paul M. TATONE, an Attorney at Law of the State of Minnesota.**

**No. C1–90–834.**

Supreme Court of Minnesota.

May 29, 1990.

ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this court alleging that the respondent Paul M. Tatone had committed professional misconduct warranting public discipline. The Director alleges that from 1985 to 1989, respondent routinely submitted notice of appearance forms to the Immigration and Naturalization Service ("INS") in cases where individuals were seeking United States residency; that respondent identified himself as attorney for these individuals even though respondent had no attorney-client relationship with them; that, in fact, William Arthur Jones, a non-attorney with whom respondent shared office space, represented the individuals before the INS; that Jones was not authorized to practice before the INS as a non-attorney; and that respondent's submission of the notice of appearance forms assisted Jones in the unauthorized practice of law. In response, respondent states that after he received the ethics complaint in this matter, he advised Jones that he would no longer sign notices of appearance for individuals seeking residency unless those individuals directly retain respondent.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Paul M. Tatone is hereby publicly reprimanded pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

**In re the Petition for DISCIPLINARY ACTION AGAINST Richard J. KADRIE, an Attorney at Law of the State of Minnesota.**

**No. C5–90–383.**

Supreme Court of Minnesota.

June 6, 1990.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Richard J. Kadrie has committed professional misconduct warranting public discipline. In the petition, the Director alleges four separate counts, each of which describes one or more violations of the rules of professional conduct.

Counts one and two of the petition arise out of the same fact situation. In count one, the Director alleges that a client retained respondent to represent her in a marriage dissolution proceeding; that counsel for the client's former husband gave respondent a cashier's check for $19,000 payable to the client as partial payment for child support; that respondent forged the check, or caused it to be forged, and deposited it into his bank account; that respondent paid his client $10,000 of the proceeds of the check but did not tell the client that he was retaining $9,000; that respondent later paid his client an additional $1,800 of the check proceeds; that when the client discovered that the amount of money she should have received was $19,000 and that respondent had forged her check, respondent falsely stated that he held the remaining $6,500 of the proceeds from the check "in trust"; that respondent claims he is entitled to the $6,500 for his attorney fees; that respondent sued the client for attorney fees; and that the client has counterclaimed against respondent, alleging fraud and other misconduct. In count two of the petition the Director alleges that respondent failed to cooperate with the Director's investigation of this matter.

In counts three and four, the Director alleges that respondent committed further misconduct when he failed to abide by the terms and conditions of his stipulation for probation dated December 13, 1988. In count three, the Director alleges that respondent failed to maintain books and records for client trust funds; that respondent failed to maintain a bank account or books and records for law office funds; and that respondent falsely certified in his April 30, 1989 attorney registration statement that he maintained such books and records. In count four, the Director alleges that respondent failed to provide an accountant's report to the Director's office in a timely manner; that respondent failed to produce books and records in accordance with the requests of the Director's office; and that respondent failed to cooperate with the attorney appointed by the Director's office to supervise respondent during respondent's probation.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also withdrew his answer to the petition and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is indefinite suspension from the practice of law. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Richard J. Kadrie, hereby is indefinitely suspended from the practice of law, pursuant to Rule 15, Rules on Lawyers Professional Responsibility, and shall not be eligible to submit a petition for reinstatement for a period of at least 5 years from the date of this order.

2. That any future reinstatement is conditioned upon:

a. Respondent's compliance with Rule 26, Rules on Lawyers Professional Responsibility.

b. Respondent's successful completion of the professional responsibility examination pursuant to Rule 18(e), Rules on Lawyers Professional Responsibility.

c. Respondent's satisfaction of the continuing legal education requirements pursuant to Rule 18(e), Rules on Lawyers Professional Responsibility.

3. That respondent shall pay into Ramsey County District Court the sum of $1,000 pending resolution of the case of *Kadrie v. Baglien* (Case No. C6–89–3170).

4. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.